[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff has brought an action against the defendant alleging that she was wrongfully terminated from her employment because she exercised the rights afforded to her pursuant to the provisions of the Connecticut Workers' Compensation Act. The defendant has moved to dismiss, alleging a lack of subject matter jurisdiction "because plaintiff had previously submitted that claim to the State Workers' Compensation Commission." In support of its motion, the defendant has submitted 1) a copy of a letter from the plaintiff's attorney to the Middletown Workers' Compensation Commissioner, referencing an October 15, 1992 letter to that Commissioner, requesting an Informal Hearing regarding "unlawful discharge from job", 2) a copy of a "pink slip" indicating the plaintiff's reason for unemployment as "medically unable to perform job duties" and 3) a copy of an "Award by Stipulation for Full and Final Settlement" from the Workers' Compensation Commission file of "Gertudis Ceballos vs. MasonicHome and Hospital, date of injury: 11/19/91". The defendant also submitted an affidavit from the Chairman of the State Workers' Compensation Commission indicating that it is his practice to accept requests for hearings pursuant to Connecticut General Statutes § 31-290a (retaliatory discharge) even if the requests for such hearings are filed with the local Workers' Compensation Office rather than the Chairman's Office.
The plaintiff, for her part, introduced an affidavit from the secretary to the Chairman of the Workers' Compensation Commission to the effect that the statute in question, Connecticut General Statutes § 31-290a(b), requires the claimant to file such a complaint of discriminatory discharge with the Chairman's Office in order to initiate such an action and that she found no evidence to suggest that the plaintiff had ever filed such a complaint with the Chairman's Office. In addition, the plaintiff presented copies of Notices of Informal Hearing regarding the plaintiff's Workers' Compensation claim, all of which deal with her injuries and make no reference to any claim of wrongful discharge.
Despite the evidence presented by the defendant in support of its motion, this court is not able to conclude that the plaintiff in fact filed a claim with the Workers' Compensation Commission CT Page 10862 based on Connecticut General Statutes § 31-290a. There is certainly nothing to suggest that the plaintiff filed such a complaint with the Chairman of the Workers' Compensation as is required by statute. Even assuming the validity of the practice outlined by the Chairman in his affidavit, namely that his office accepts such complaints when filed with the local Workers' Compensation Office, the defendant has not demonstrated that such was the case here. There is evidence that the plaintiff, through her attorney, requested of the local compensation commissioner an informal hearing regarding her "unlawful discharge from job", but there is no evidence that such a hearing was ever held, nor is there any evidence that a formal complaint alleging unlawful discharge was ever filed even with the local compensation commissioner. It is the absence of such evidence of a formal complaint which, perhaps, explains why none of the informal hearings actually scheduled by the local Workers' Compensation Commissioner ever purported to address the issue of retaliatory discharge.
As to the "Award by Stipulation for Full and Final Settlement", it clearly references a date of injury of November 19, 1991. It gives no hint that a claim of wrongful discharge might have been made or that such a claim was encompassed by the "Final Settlement."
Connecticut General Statutes § 31-290a gives a plaintiff the choice of proceeding either in the Superior Court or before the Workers' Compensation Commission, but not both. The evidence does not establish that this plaintiff has brought a wrongful discharge complaint to the Workers' Compensation Commission, and she is therefore entitled to proceed here.
The motion to dismiss is therefore denied.
Jonathan E. Silbert, Judge